In the Matter of the Claim of FRANK CEO, Appellant, against CITY OF ROCHESTER, Respondent.

Third Department, December 29, 1944.

*Christopher H. D'Amanda,* attorney for appellant.

*Charles B. Forsyth, Corporation Counsel,* for respondent City of Rochester.

*Nathaniel L. Goldstein, Attorney-General,* for the State Industrial Board.

*Per Curiam.* The claimant appeals from a decision of the Industrial Board disallowing his claim for compensation against the City of Rochester. He states, in substance, and is corroborated, that on the evening of January 30, 1939, a request from city authorities came over the radio for men who were willing to aid in shoveling snow and clearing the streets to report at the Central Avenue Firehouse. He and his son-in-law went, and after they had stood for a considerable time in front of the building, a man came from the interior, and as the crowd pushed toward the door he said: " Wait, I am going to pick out a few men ". He selected fifteen or twenty, including claimant, to whom he said: " Come on in and get your shovels." Claimant and the others, on invitation, followed upstairs, and there claimant fell through a hole in the floor which had formerly been used by firemen to slide to the first floor. He received serious injuries and was incapacitated for a long period.

There were three witnesses on behalf of the City. Two of them knew nothing about the transaction, but testified as to the custom usually followed when snow shovelers were hired; the third, Volk, was a " clerk in the chief clerk's office, Department of Public Works." By hearsay he knew of the broadcast for laborers. He described the storm: " Q. Do you remember January 30, 1939? A. I will never forget it. Q. What kind of a day was it? A. Cloudy day, about eight o'clock in the morning the snow storm started, one of the worst snow storms, and I have been with the city nine years. Q. As a matter of fact it is one of the worst snow storms you ever saw? A. It was." As to the happening of the accident: " Q. Had you heard that a man had been hurt that day? A. I heard someone had gotten hurt." The other two witnesses who had no recollection of the storm deny that there was a call by radio, but state generally that snow workers were not permitted on the second floor of the building. Volk is not so definite. " Q. Your orders were to keep people out of the upstairs? A. If we could. Q. They would break in? A. You bet they did." And again: " Q. Could he get upstairs before getting to the line down to you? A. If he did I don't know how he got there." And he further says, in substance, that if a city employee went outside and selected a

group from the crowd in front of the building, he would have no record of the employment unless the man did some work. When asked if there was a large crowd outside that day he answered: " According to what I could see out of one side of the window, yes."

Claimant's proof, which is not directly controverted, establishes that in answer to a request he went to the place of employment, was taken into the employer's place of business and while going to obtain a shovel, was injured. A case is made out for compensation, as his injury arose out of and in the course of his employment on the employer's premises.

The decision should be reversed and matter remitted for an award, with costs against the State Industrial Board.

All concur.

Decision reversed and matter remitted to the Industrial Board for an award, with costs against the State Industrial Board.